**Mary Jo FENIO, Plaintiff,**

v.

**MUTUAL OF OMAHA INSURANCE COMPANY, a Nebraska corporation, Defendant.**

**No. 94–1040–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

June 14, 1994.

Eric B. Tilton, Gustafson & Tilton, P.A., Fort Lauderdale, FL, Carolyn Hart Mortilla, Lauderhill, FL, for plaintiff.

Steven D. Davidson, Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, NE, Marlene Kaplan, Key Biscayne, FL, Thomas E. Johnson, Pensacola, FL, Edward Louis Magill, Miami, FL, for defendant.

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion for Preliminary Injunction. The parties presented oral argument on June 9, 1994.

THE COURT has considered the Motion, responses, argument of counsel and the entire record, and being otherwise fully advised in the premises, it enters the following Order.

## BACKGROUND

Plaintiff Mary Jo Fenio suffers from Stage IV ovarian cancer and seeks insurance coverage under a policy issued by Defendant Mutual of Omaha Insurance Company. Plaintiff requests that the Court require Defendant to pay for high-dose chemotherapy with autologous bone marrow transplant ("HDC–ABMT"). Under this procedure, doctors remove stem cells from the patient and freeze the cells so that they can be preserved and transplanted back into the patient after high-dose chemotherapy.

Fenio's insurance agreement with Mutual of Omaha covers expenses only for those treatments that are "medically necessary." Under the policy,

[a] "Medically Necessary" service or supply means one which: (a) is appropriate and consistent with the diagnosis in accord with accepted standards of community practice; (b) is not considered experimental or investigative; (c) could not have been omitted without adversely affecting the insured person's condition or quality of medical care ...

Plaintiff's doctors at the Impact Center of Dade County recommended HDC–ABMT, but on November 5, 1993 Defendant denied insurance coverage for this treatment stating that the proposed treatment was not medically necessary. On February 2, 1994, Plaintiff was examined by Dr. John Hiemenz of the H. Lee Moffitt Cancer Center and Research Institute ("Moffitt Cancer Center") located in Tampa, Florida. Dr. Hiemenz also recommended HDC–ABMT. Defendant referred Plaintiff's medical file for evaluation by oncologists retained through the Medical Care Ombudsman Group, a private organization directed by Grace Powers Monaco. The oncologists, Dr. Maurice Markman and Dr. Joyce O'Shaughnessy, determined that the procedure was not "medically necessary" and Defendant denied coverage. Plaintiff has requested a preliminary injunction to force Mutual of Omaha Insurance Company to pay for HDC–ABMT.

## DISCUSSION

In order to obtain a preliminary injunction, Plaintiff must satisfy the following requirements:

1) a substantial likelihood that she will prevail on the merits; 2) a substantial threat that she will suffer irreparable injury if the injunction is not granted; 3) that the threatened injury to her outweighs the threatened harm the injunction may cause Defendants; and 4) that granting the preliminary injunction will not disserve the public interest.

*United States v. Lambert,* 695 F.2d 536, 539 (11th Cir.1983). Defendant does not dispute the existence of the last three elements and this Court agrees. Both parties focus on whether Plaintiff has a substantial likelihood that she will prevail on the merits.

Defendant does not deny coverage on the basis that the procedure is considered experi-

**320**

mental.[1] Therefore, the Court must determine if Plaintiff has a substantial likelihood of success in demonstrating that the medical procedure is "appropriate and consistent with the diagnosis in accord with accepted standards of community practice" and that the treatment "could not have been omitted without adversely affecting the insured person's condition or quality of medical care."

The Court has considered the entire record and viewed the videotaped depositions of Dr. Hiemenz, Dr. Markman and Grace Powers Monaco. The Court finds that Plaintiff has demonstrated a substantial likelihood of success on the merits. In reaching this conclusion, the Court makes the following observations. First, the Florida Society of Clinical Oncology and the Florida Division of the American Cancer Society have stated that high-dose chemotherapy with bone marrow transplant is an appropriate treatment for ovarian cancer. Second, in his deposition Dr. Hiemenz stated that the Plaintiff's condition is not refractory and continues to respond to chemotherapy. In support of that conclusion, he points to the decreased levels of CA–125 in the Plaintiff and an improvement in her CT scans. Third, Dr. Hiemenz is a noted expert in the use of HDC–ABMT and has used this treatment for ovarian cancer several times in the past. As the Plaintiff's treating physician, he is thoroughly familiar with her medical condition and he stated that Plaintiff would most likely die within six months if she does not receive HDC–ABMT. Accordingly, Plaintiff has demonstrated a substantial likelihood of success on the merits and is entitled to a preliminary injunction.

### CONCLUSION

In accordance with the above, it is

ORDERED AND ADJUDGED that the Motion be, and the same is hereby, GRANTED. FURTHER ORDERED that Defendant SHALL pay for the medical expense

incurred by Plaintiff for the administration HDC–ABMT at the Moffitt Cancer Center.

DONE AND ORDERED.

---

1. At oral argument, Defendant conceded that it probably could not successfully deny treatment on the ground that HDC–ABMT was "considered experimental" because the United States Court of Appeals for the Eleventh Circuit has found such policy language to be ambiguous. *See Dahl–Eimers v. Mutual of Omaha Life Ins. Co.,* 986 F.2d 1379 (11th Cir.).